FILED
5/3/2017 1:53:54 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Edgar Garcia

2CITPPS-SAC1 W/JD

~~2017CI08092~~

CAUSE NO. _____

| | | |
|---|---|---|
| MANUELA GONZALEZ, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | BEXAR COUNTY, TEXAS |
| | § | |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE | § | |
| COMPANY AND LEVENTE MESKO, | § | 285TH |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Manuela Palacio Gonzalez ("Plaintiff") and files this, *Plaintiff's Original Petition*, complaining of Allstate Vehicle and Property Insurance Company ("Allstate") and Levente Mesko ("Mesko") (collectively referred to as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2. Plaintiff Manuela Palacio Gonzalez is an individual residing in Bexar County, Texas.

3. Defendant Allstate is an insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with personal process, by a process server,


EXHIBIT A

by serving its Registered Agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. Defendant Levente Mesko is an individual residing in and domiciled in the State of Colorado. This defendant may be served with personal process by a process server at his place of residence at 6592 South Sherman Street, Centennial, Colorado 80121.

## JURISDICTION

5. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $100,000 but not more than $200,000. Plaintiff reserves the right to amend her petition during and/or after the discovery process.

6. The Court has jurisdiction over Defendant Allstate because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

7. The Court has jurisdiction over Defendant Mesko because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

8. Venue is proper in Bexar County, Texas, because the insured property is situated in Bexar County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

9. Plaintiff is the owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Allstate.

10. Plaintiff owns the insured property, which is specifically located at 6842 Spring Garden Street, San Antonio, Texas 78249, in Bexar County (hereinafter referred to as "the Property").

11. Allstate sold the Policy insuring the Property to Plaintiff.

12. On or about April 12, 2016, a hail storm and/or windstorm struck Bexar County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's residence. Specifically, Plaintiff's roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire home and garage including, but not limited to, the home's ceilings, walls, insulation, and flooring. Plaintiff's home also sustained substantial structural and exterior damage during the storm. Furthermore, Plaintiff sustained significant damage to his patio and storage unit. Shortly after the storm, Plaintiff filed a claim with her insurance company, Allstate, for the damages to her home caused by the hail storm and/or windstorm.

13. Plaintiff submitted a claim to Allstate against the Policy for Other Structure Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the hail storm and/or windstorm.

14. Plaintiff asked that Allstate cover the cost of repairs to the Property pursuant to the Policy, including but not limited to, repair and/or replacement of the roof and repair of the gutters, siding and interior water damages to the Property, pursuant to the Policy.

15. Defendant Allstate assigned Defendant Mesko as the individual adjuster on the claim. The adjuster assigned to Plaintiff's claim was improperly trained and failed to perform a thorough investigation of Plaintiff's claim. On or about May 3, 2016, Mesko conducted a substandard inspection of Plaintiff's home during which he spent an insufficient amount of time inspecting the entire Property to scope damages, he failed to thoroughly inspect all of the damages to both the interior and exterior of the Property. Specifically, Defendant Mesko spent only about thirty (30) minutes on his inspection of the entire Property, including the time it took to get onto the roof and scope the damages. Furthermore, Mesko failed to conduct a thorough inspection of the interior thereby ignoring many of the properly covered Storm damages which eventually led to an underpayment on the claim. Defendant Mesko's inadequate inspection is further evidenced by May 4, 2016, estimate report, which failed to provide a fair and accurate assessment of Plaintiff's damages which were actually included in his inspection, such as damage to the roof, storage unit, patio, and exterior siding. Moreover, the damages that Mesko did include in his report were grossly undervalued, in part because he both underestimated and undervalued the cost of materials required for necessary repairs, incorrectly applied materials sales tax, and failed to include adequate compensation for contractor's overhead and profit. Further, Mesko denied payment for several items reported by Plaintiff to be damaged. For these items, Mesko provided Plaintiff with no explanation for why coverage was not being extended under Plaintiff's Policy. In his report, for example, Defendant Mesko failed to include and allow compensation for the hail storm and/or windstorm damages to the garage, kitchen, living room, master bedroom, master bathroom, and other bedroom.

16. Following the inadequate inspection, Mesko sent Plaintiff a letter dated May 4, 2016. This letter failed to provide Plaintiff a reasonable explanation of the bases in the Policy for the underpayment of many of Plaintiff's Storm damages. Although Mesko was aware of Plaintiff's reported potential damages covered by the Policy, he made determinations as to the amount of Plaintiff's claim without conducting a thorough and reasonable inspection of Plaintiff's damages. Ultimately, Defendant Mesko determined that the damages were either not covered under the Policy and/or valued the damages below the applicable Policy deductible; thus, to date, Plaintiff has yet to receive the full payment to which he is entitled.

17. Defendant Allstate, along with other Allstate personnel, failed to thoroughly review and properly oversee the work of Defendant Mesko, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiff's claim. Further, Defendants misrepresented that some of Plaintiff's damages were not covered under the Policy, when the losses, in fact, were properly covered damages. Allstate underpaid Plaintiff's claim without performing a reasonable investigation. As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiff was considerably underpaid on his claim and has suffered damages.

18. Together, Defendants Allstate and Mesko set out to deny and/or underpay on properly covered damages. As a result of this unreasonable investigation, including the under-scoping of Plaintiff's storm damages during the investigation and failure to provide full coverage for the damages sustained, Plaintiff's claim was improperly adjusted, and she was denied adequate and sufficient payment to repair her home. The mishandling of Plaintiff's claim has also caused a delay in her ability to fully repair her home, which has

resulted in additional damages. To date, Plaintiff has yet to receive the full payment to which she is entitled under the Policy.

19. As detailed in the paragraphs below, Allstate wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Allstate underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

20. To date, Allstate continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to her home.

21. Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiff.

22. Defendants Allstate and Mesko misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Allstate's and Mesko's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

23. Defendants Allstate and Mesko failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy.

Defendants Allstate's and Mesko's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

24. Defendants Allstate and Mesko failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants Allstate and Mesko failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Allstate and Mesko did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants Allstate's and Mesko's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

25. Defendants Allstate and Mesko failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Allstate and Mesko. Defendants Allstate's and Mesko's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

26. Defendants Allstate and Mesko refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants Allstate and Mesko failed to conduct a reasonable investigation. Specifically, Defendants Allstate and Mesko performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendants Allstate's and Mesko's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

27. Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

28. Defendant Allstate failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

29. Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for her claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

30. From and after the time Plaintiff's claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Allstate has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

31. Defendants Allstate and Mesko knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

32. As a result of Defendants Allstate's and Mesko's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing her with respect to these causes of action.

33. Plaintiff's experience is not an isolated case. The acts and omissions Allstate committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Allstate with regard to handling these types of claims. Allstate's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST MESKO

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

34. Defendant Allstate assigned Defendant Mesko to adjust the claim. Defendant Mesko was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages. During the investigation, the adjuster failed to properly assess Plaintiff's hail storm and/or windstorm damages. The adjuster also omitted covered damages from his reports, including many of Plaintiff's interior damages. In addition, the damages that the adjuster did include in the estimate were severely underestimated.

35. Defendant Mesko's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

36. Defendant Mesko is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of Allstate, because he is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

37. Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using his/her own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendant Mesko's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

38. Defendant Mesko's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

39. Defendant Mesko failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendant Mesko failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. The unfair settlement practice of Defendant Mesko as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

40. Defendant Mesko's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

41. Defendant Mesko did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's exterior and interior damages, although reported by Plaintiff to Allstate. Defendant Mesko's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

42. Plaintiff is not making any claims for relief under federal law.

### FRAUD

43. Defendants Allstate and Mesko are liable to Plaintiff for common law fraud.

44. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendants Allstate and Mesko knew were false or made recklessly without any knowledge of their truth as a positive assertion.

45. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

46. Defendants Allstate and Mesko are liable to Plaintiff for conspiracy to commit fraud. Defendants Allstate and Mesko were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken

against Plaintiff, Defendants Allstate and Mesko committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result.

## CAUSES OF ACTION AGAINST ALLSTATE ONLY

47. Defendant Allstate is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

48. Defendant Allstate's conduct constitutes a breach of the insurance contract made between Allstate and Plaintiff.

49. Defendant Allstate's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Allstate's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

50. Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

51. Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

52. Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even

though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

53. Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

54. Defendant Allstate's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

55. Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

56. Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

57. Defendant Allstate's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that

it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

58. Defendant Allstate's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

59. Defendant Allstate's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

60. As referenced and described above, and further conduct throughout this litigation and lawsuit, Mesko is an agent of Allstate based on his acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

61. Separately, and/or in the alternative, as referenced and described above, Allstate ratified the actions and conduct of Mesko including the completion of his duties under the common law and statutory law.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

62. Defendant Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

63. Defendant Allstate's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Allstate knew or should have known

Page 15

by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

64. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

### DAMAGES

65. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

66. As previously mentioned, the damages caused by the April 12, 2016, hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants Allstate's and Mesko's mishandling of Plaintiff's claim in violation of the laws set forth above.

67. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorney's fees.

68. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages. TEX. INS. CODE §541.152.

69. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum on

the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

70. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

71. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

72. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

73. Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Bexar County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

74. *Plaintiff's Request for Disclosure to Defendant Allstate Vehicle and Property Insurance Company* is attached as "Exhibit A." *Plaintiff's Request for Disclosure to Defendant Levente Mesko* is attached as "Exhibit A-1."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she may show herself justly entitled.

Respectfully submitted,

MOSTYN LAW

*/s/ René M. Sigman*
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

**"EXHIBIT A"**

CAUSE NO._____

| | | |
|---|---|---|
| MANUELA GONZALEZ, *Plaintiff*, | § § § | IN THE DISTRICT COURT OF |
| v. | § § | BEXAR COUNTY, TEXAS |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND LEVENTE MESKO, *Defendants.* | § § § § | \_\_\_\_ JUDICIAL DISTRICT |

### PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

TO:  DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, by and through its Registered Agent: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named Defendant, Allstate Vehicle and Property Insurance Company (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

MOSTYN LAW

*/s/ René M. Sigman*
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

"EXHIBIT A-1"

CAUSE NO._____

| | | |
|---|---|---|
| MANUELA GONZALEZ, *Plaintiff,* | § § § | IN THE DISTRICT COURT OF |
| v. | § § § | BEXAR COUNTY, TEXAS |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND LEVENTE MESKO, *Defendants.* | § § § § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT LEVENTE MESKO

TO: DEFENDANT LEVENTE MESKO, at 6592 South Sherman Street, Centennial, Colorado 80121.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named Defendant, Levente Mesko (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

**MOSTYN LAW**

*/s/ René M. Sigman*
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFF**